IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| Network System Technologies, LLC,<br>Plaintiff,<br><br>v.<br><br>Samsung Electronics Co., Ltd. et al.,<br>Defendants. | §<br>§<br>§<br>§  Civil Action No. 2:22-cv-00481-JRG<br>§<br>§  JURY TRIAL DEMANDED<br>§<br>§<br>§<br>§ |

## DEFENDANT ONEPLUS'S RULE 12(b)(6) MOTION TO DISMISS
## NST's DIRECT INFRINGEMENT CLAIMS AGAINST ONEPLUS

Defendant OnePlus Technology (Shenzhen) Co., Ltd. ("OnePlus") respectfully requests the Court dismiss all direct infringement claims of Plaintiff Network System Technologies, LLC ("NST") against OnePlus for failure to state a claim upon which relief can be granted pursuant to FED. R. CIV. P. 12(b)(6), without allowing NST to conduct speculative discovery into matters not properly pled.

OnePlus cannot directly infringe as a matter of law because OnePlus has no US presence. This is not a case of a plucky inventor who will be denied a remedy if they cannot stretch the limits of patent extraterritoriality to find a foreign defendant.  This is a case of hard-nosed investors *ignoring* a domestic defendant to take decisions away from the court where *they chose* to sue the "real defendant" (Qualcomm) by filing peripheral actions in a faster district.

### STATEMENT OF FACTS

OnePlus USA Corp. ("OPU") is a company incorporated, registered, and doing business in cell phones in the US,  against which patent venue accordingly lies in two U.S. District

Courts. *See* Ex. 2 (OPU Business Registration), NST knows of OPU, what it does, and where it may be found but has elected not to sue it. *See generally* Ex. 3 (NST Ltr. to OPU).

NST instead sued OnePlus for infringement of six U.S. patents (the "Patents-in-Suit") based on use of Qualcomm's accused chips—the same patents and products already at issue in another case NST brought against Qualcomm in the Western District of Texas.[1]

The only factual allegations made against OnePlus specifically in NST's 104-page Complaint are that OnePlus is a Chinese company having a principal place of business in China. Dkt. 1 ¶ 9. OnePlus categorically does not make, use, sell, offer to sell, or import any accused product in the United States. Ex. 1 ¶ 2.

## LEGAL STANDARD

"It is the general rule under United States patent law that no infringement occurs when a patented product is made and sold in another country." *Microsoft Corp. v. AT & T Corp.*, 550 U.S. 437, 441 (2007). "The right conferred by a patent under our law is confined to the United States and its territories, and infringement of this right cannot be predicated of acts wholly done in a foreign country." *Dowagiac Mfg. Co. v. Minnesota Moline Plow Co.*, 235 U.S. 641, 650 (1915).

"To survive a motion to dismiss, a complaint must contain . . . . *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added). "'[T]he costs of modern . . . litigation and the increasing caseload of the federal courts counsel against sending the parties into discovery when there is no reasonable likelihood that the plaintiffs can construct

---

[1] As discussed in detail in OnePlus's separate Motion to Sever and Stay.

OP-NST Motion to Dismiss 2

a claim from the events related in the complaint.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (citations omitted).

In deciding a 12(b)(6) motion, Courts may rely on facts of which they can take judicial notice. *Spears v. Nanaki, L.L.C.*, No. 22-30460, 2023 WL 2493741, at *1 (5th Cir. Mar. 14, 2023). "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." F.R.E. 201(b). OnePlus requests the Court take judicial notice of the eligible facts contained herein.

**ARGUMENT**

**I.   NST's Complaint Shows OnePlus Does Business in China, Not the United States**

**A.   OnePlus Is a Chinese Company Doing Business in China, not the United States**

OnePlus categorically does not make, use, sell, offer to sell, or import any accused product in the United States. Ex. 1 ¶ 2. OnePlus is entitled to the presumption that its factual contentions have evidentiary support; and in the absence of contrary contentions from NST, there is no reason why OnePlus's accuracy in making this statement should be questioned.[2] *See* F.R.E. 201(c). Separately, OnePlus contends it is generally known that (1) the fact a company is established and based in China does not yield a reasonable inference that the company does business in the United States, and (2) the existence of an American affiliate (such as OPU) does not yield or support a reasonable inference that a foreign affiliate does business in the United States—quite the opposite. *Id.* These facts distinguish this motion from many garden-variety

---

[2] Furthermore, this declaration is notice to NST (confirming, *inter alia*, OnePlus's statements to opposing counsel at 2:22 p.m. Pacific Time, May 5th, 2023) that OnePlus cannot directly infringe as a matter of law.

OP-NST Motion to Dismiss                                                                                                             3

*Twombley*/*Iqbal* motions in suggesting that NST's conclusory allegations are not a result of carelessness or mistake, but of very careful and deliberate drafting.  Because the Court is entitled to take judicial notice of facts showing NST's direct infringement allegations are insufficient, they should be dismissed as a matter of law.

### B.  NST Admits OnePlus Cannot Be Found in the United States

The *only* factual allegations made against OnePlus specifically in NST's 104-page Complaint are that OnePlus is a Chinese company having a principal place of business in China. Dkt. 1 ¶ 9.

If OnePlus could be found in the United States, Texas, or this Judicial District, OnePlus could be served here, even if it had failed to appoint a registered agent.  *See, e.g.*, TEX. BUS. ORGS. CODE § 5.251.  But instead, NST expressly conceded in its Motion for Alternate Service on Lenovo that it could not have effected service *on OnePlus* in the United States and would have had to serve OnePlus in China without OnePlus's waiver of service—thus, admitting they could not find OnePlus present in this country.  *See* Dkt. 17 at 2; Ex. 3 (NST's letter to OPU asking if it would accept service for OnePlus).

Even if NST had a basis to assert OnePlus's presence in the US, it would be inequitable of NST to do so given that it relied *on OnePlus's* absence of a US presence to support its motion for alternate service (or at a minimum intended to do so).  *See* Dkt. 17 at 6 (still referencing "Defendants").

Because NST's actions and statements concede there is no basis for NST's direct infringement averments against OnePlus, they should be dismissed.

### C. Not One Paragraph of NST's Complaint Pleads Contrary Specific Facts

Fifty-eight paragraphs of NST's Complaint contain averments that can be construed as averments regarding alleged actions taken by OnePlus ("relevant averments"). Dkt. 1 ¶¶ 10, 12, 14-16, 18, 20-22, 147-148, 173-178, 197-203, 222-228, 247-253, 272-278, 302-308, 327-333.[3]

Fifty of those fifty-eight paragraphs contain relevant averments made "on information and belief." *Id.* ¶¶ 10, 14, 16, 21-22, 148, 176-177, 197-203, 222-228, 247-253, 272-278, 302-308, 327-333. Although such pleadings are permitted, NST's reliance on the phrase reflects the fact most of NST's averments are made at a level of generality and vagueness insufficient to survive a Motion to Dismiss because "Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation . . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft*, 556 U.S. at 678 (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 545.

#### i.  Identical Averments Against All Defendants Are Not OnePlus-Specific

Eight of the fifty-eight paragraphs contain relevant averments against "Defendants" without any specific reference to OnePlus. Dkt. 1 ¶¶ 10, 12, 14-16, 20, 147, 148. Of the eight paragraphs referring to "Defendants," six of them appear to have been cut-and-pasted from any one of hundreds of patent complaints without a single edit (even to the relevant defendant's

---

[3] This excludes paragraphs describing alleged "OnePlus" products, which do not themselves speak to the locus of OnePlus's, in contrast to OPU's, business activities.

OP-NST Motion to Dismiss                                                                                                              5

name), *id.* ¶¶ 10, 12, 14-16, 20.  Three of those paragraphs contain identical relevant averments against Samsung (or a Samsung subsidiary), Lenovo, and OnePlus alike.  *Id.* ¶¶ 18, 21-22.

NST's averments regarding OnePlus's alleged infringement of each of the six patents are identically worded to one another (with only the patent numbers, claim numbers, and paragraph numbers changing).  *See id.* ¶¶ 197-203, 222-228, 247-253, 272-278, 302-308, 327-333.  And the averments against OnePlus appear to be identically worded to those against the other defendants, varying only by paragraph number, defendant name, and the number of claims asserted and claim charts attached.  *Compare, e.g.*, with respect to the '818 Patent, *id.* ¶¶ 197-203 (as to OnePlus) with *id.* ¶¶ 189-195 (Lenovo) and *id.* ¶¶ 181-187 (Samsung).

The issue here is whether any averments in NST's complaint plausibly suggest OnePlus makes, uses, sells, offers to sell, or imports accused products *in the United States* given NST's admissions and conduct showing NST's full awareness that it could not find any US presence or contacts for OnePlus.  They do not.  Claims worded so generally and in such a conclusory fashion that they are identical across multiple defendants do not "raise a right to relief above the speculative level," *Bell Atl. Corp.*, 550 U.S. at 555, when the relevant issue is whether one of the entities has any US presence and the plaintiff's own conduct and statements conflict with such an inference.  *Compare Ashcroft*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'") (citations omitted).

### ii. NST's Venue, Jurisdiction, and Joinder Averments Are Legal Conclusions

All but two of NST's venue, jurisdiction, and joinder averments[4] express legal conclusions. Dkt. 1 ¶¶ 10, 12, 14-16, 20-21. In addition to the fact each of the averments against OnePlus is identical to those against at least two other defendants, the relevant paragraphs are all expressed in statutory language or language taken straight from *International Shoe* and its progeny. *See*, *e.g.*, 35 U.S.C. §§ 271(a), 299; *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945). Attaching the name of a defendant to a legal standard or conclusion does not satisfy *Iqbal* or *Twombley*. *See, e.g.*, *Bell Atl. Corp.*, 550 U.S. at 555 ("Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation.") (citations omitted).

### iii. NST Concedes Even Web Pages Do Not Prove Any US Presence

In its *indirect* infringement averments, NST refers to activity directed at the United States through web pages and manuals. *See* Dkt. 1 ¶¶ 176, 199-200, 224-225, 249-250, 274-275, 304-305, 329-330. All these paragraphs are made "[o]n information and belief." All these paragraphs use substantially identical language to that of the indirect infringement averments against all of the other Defendants in this case and in hundreds of indirect infringement pleas in patent cases, likely including NST's "companion" cases. And all these paragraphs, except the first, base OnePlus's alleged indirect infringement on informational and promotional materials "described above." *Id.* ¶¶ 199-200, 224-225, 249-250, 274-275, 304-305, 329-330. In the first indirect infringement paragraph, *id.* ¶ 176, describing these materials, NST explains it does not know who publishes and distributes these materials, pointing to "OnePlus, or one or more related

---

[4] The exceptions are Dkt. 1 ¶¶ 9, 18 admitting the absence of U.S. connections.

OP-NST Motion to Dismiss                                                                                                          7

entities" which make these materials available on the website of "OnePlus, or an entity under OnePlus's direction or control." *Id.* ¶ 176. Thus, OnePlus's *indirect* infringement averments do not even assert that the underlying activities are performed by OnePlus itself.[5]

"Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Ashcroft*, 556 U.S. at 678 (citations omitted). NST's averments which fail to make clear whether the conduct is OnePlus's or another's, is "merely consistent with" activity of OnePlus, stopping short of the legal requirement.[6]

### iv. NST's Direct Infringement Claims Are Conclusory

NST levels its claims of direct infringement of the six Patents-in-Suit against OnePlus in six identical paragraphs: Dkt. 1 ¶ 197, 222, 247, 272, 302, and 327. All six of these paragraphs are made "[o]n information and belief." All six of these paragraphs combine an averment of direct infringement taken straight from Section 271(a) with a single geographic reference, "On information and belief, OnePlus has made, used, offered for sale, sold, and/or imported products, including within this Judicial District." *Id.* All six of these paragraphs use substantially identical language to that of the direct infringement averments against the other Defendants in this case— and similar to hundreds of jurisdictional and direct infringement pleas in other patent cases— likely including NST's "companion" cases. But nowhere does NST identify any OnePlus business locations within the Eastern District of Texas or OnePlus transactions of any kind

---

[5] Indeed, NST's specific identification of eight OnePlus devices, also made "[o]n information and belief," Dkt. 1 ¶ 170, appears to be based on the same web pages. *Id.* ¶ 176 fn 41-42.
[6] Similarly, NST's conclusory joinder paragraph refers to *all* Defendants' "infringing conduct" without any distinction among them, and indicates only that such conduct (including "importing into the United States") "relat[es] to" (rather than consists of) actions that would consist of direct infringement. Dkt. 1 ¶ 20.

within this District.  Given NST's conduct and statements showing that NST knows OnePlus has *no* US presence or business, the reference to "this Judicial District" is not a specific factual averment raising a plausible inference that NST believes or is averring a OnePlus presence here.

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp.*, 550 U.S. at 555.  "[T]he tenet that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . we are not bound to accept as true a legal conclusion couched as a factual allegation"). *Ashcroft*, 556 U.S. at 678 (citations and internal quotations omitted).

### v. NST's Direct Infringement Claims Should Be Dismissed

Because none of the specific factual averments in NST's complaint constitute a plausible averment of directly infringing conduct within the United States under the facts and circumstances here, NST's direct infringement claims should be dismissed in their entirety.

## II. OnePlus Opposes Any Discovery on this Motion, But If Discovery Is Allowed, Requests Discovery Into NST's Bases for Asserting Direct Infringement

NST's Complaint fails to state a claim for relief under Fed. R. Civ. P. 12(b)(6).  If a Plaintiff cannot state a claim for relief, its case should not proceed to discovery.  "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft*, 556 U.S. at 678-679.  Accordingly, OnePlus opposes any effort by NST to obtain discovery relevant to this Motion to Dismiss.  "'[T]he costs of modern . . . litigation and the increasing caseload of the federal courts counsel against sending the parties into discovery when there is no reasonable likelihood that the plaintiffs can construct a claim from the events related in the complaint.'" *Bell Atl. Corp.*, 550 U.S. at 558 (citations omitted).

However, if the Court does permit any limited discovery in relation to this motion, OnePlus asks that the scope of such discovery include NST's basis for filing its original Complaint, opposing this motion, or otherwise pursuing its direct infringement averments against OnePlus under 35 U.S.C. § 285, FED. R. CIV. P. 11, 26(g)(3) and other relevant law.

## CONCLUSION

For the reasons explained above, OnePlus moves that NST's direct infringement claims be dismissed in their entirety.

Dated:  May 10, 2023

Respectfully submitted,
/s/ Everett Upshaw
Everett Upshaw
State Bar No. # 24025690
UPSHAW PLLC
1001 Belleview Street, Unit 608
Dallas, Texas 75215
Phone: 214-680-6005
Fax: 972-920-8001
everettupshaw@upshawpllc.com

**Counsel for Defendant OnePlus Technology (Shenzhen) Co., Ltd.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(c). As such, this motion was served on all counsel who have consented to electronic service on this May 10, 2023.

*/s/ Everett Upshaw*
Everett Upshaw
