# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| Network System Technologies, LLC, <br> Plaintiff, <br><br> v. <br><br> Samsung Electronics Co., Ltd. et al., <br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 2:22-cv-00481-JRG <br><br> JURY TRIAL DEMANDED |

## DEFENDANT ONEPLUS'S MOTION TO SEVER AND STAY PENDING FINAL RESOLUTION OF SUPPLIER CASE

Defendant OnePlus Technology (Shenzhen) Co., Ltd. ("OnePlus")[1] respectfully requests

the Court sever and stay Plaintiff Network System Technologies, LLC's ("NST's") case against

OnePlus under the customer suit doctrine pending final resolution of NST's case against

OnePlus's supplier Qualcomm.

OnePlus's alleged infringement is based completely on its use of Qualcomm's products—

so much so that NST requested early discovery from Qualcomm and Arteris *but not OnePlus*—to

craft its infringement contentions.  Resolution of NST's claims against Qualcomm will likely

resolve all claims against OnePlus and is appropriate in view of this Court's jurisprudence and

prior practice. By contrast, resolving NST's claims against OnePlus has no chance of resolving

anything against Qualcomm.  It would be inefficient and burdensome for the Court, the jury, the

witnesses, and the parties while raising the possibility of inconsistent adjudications, not least

from NST's own inconsistent positions.

---

[1] The OnePlus entity sued here is not the correct entity to defend against US patent infringement averments.  But that issue is addressed in OnePlus's previously-filed 12(b)(6) motion and will not be addressed further here.

**STATEMENT OF FACTS**

NST sued OnePlus here for infringement of six U.S. patents (the "Patents-in-Suit"). NST joined Samsung as a codefendant, arguing it was proper because the Qualcomm Chips "are common to [their] infringement of the Asserted Patents" and the "accused products all… include" Qualcomm Chips. Dkt. 1 ¶¶ 22-22.

Ninety-nine minutes later, NST sued Qualcomm, Inc. and Qualcomm Technologies, Inc. (collectively "Qualcomm") in the Western District of Texas, accusing their chips ("Qualcomm Chips") of directly and indirectly infringing the same Patents-in-Suit. *Network Sys. Techs., LLC v. Qualcomm Inc.* et al., Civil Action No. 1:22-cv-1331-DAE (W.D. Tex.) (the "Qualcomm Case," cited "QC") QC Dkt. 1 ¶¶ 1, 171-178. NST joined Arteris, Inc. ("Arteris") in the Western District, arguing it was proper because the Qualcomm Chips "are common to all Defendants' infringement" since all of the Qualcomm Chips "include Arteris SoC technology." QC Dkt. 1 ¶¶ 17-19.

NST filed Motions for Leave to Serve Third Party Subpoenas Prior to the Rule 26(f) Conference in this case as to Qualcomm and Arteris, Dkt. 19, and in the TI Case[2] as to Arteris. TI Dkt. 17. This was necessary because NST was "suing [OnePlus] for infringing patents pertaining to," Dkt. 19 at 3, Qualcomm's and Arteris's "system-on-a-chip ('SoC') technology that is incorporated into [all customers'] infringing products." Dkt. 19 at 1.

Not one of NST's claim charts against OnePlus relies on any information or document of OnePlus's whatsoever, *only* on information and documents of Qualcomm, Arteris, and other third

---

[2] *Network Sys. Techs., LLC v. Texas Instruments Inc.* et al., Civil Action No. 2:22-cv-482-RWS (E.D. Tex.) (the "TI Case"), filed the same day asserting the same Patents-in-Suit.

parties.  *See* Dkt. 1-38 through 1-43.  Indeed, even the images of OnePlus devices come from

Qualcomm's website.  *See* Dkt. 1-38 at 2 through 1-43 at 2.

OnePlus does not design or manufacture any SoC's or Chips.  Ex. 1 ¶ 3.  OnePlus does

not make any modifications or install any software relevant to a determination of infringement.

Ex. 1 ¶ 5.  OnePlus is not presently aware of any basis it would have to testify regarding the

design, operation, or any other relevant aspect or characteristic of any Qualcomm Chips, except

in reliance upon documents and information provided by Qualcomm or Arteris.  Ex. 1 ¶ 6.

Qualcomm limits its information and documents (including source code) shared with OnePlus on

a "need-to-know basis"—so even OnePlus's second-hand knowledge of Qualcomm Chips is

extremely limited.  Ex. 1 ¶ 7.

## LEGAL STANDARD

Pursuant to FED. R. CIV. P. 21, "courts have developed a practice of severing and staying

claims against customers pending resolution of the suit against the manufacturer."  *St. Lawrence*

*Commc'ns LLC v. Apple Inc.*, No. 2:16-cv-82-JRG, 2017 WL 3712912, at *1 (E.D. Tex. July 12,

2017).  "[L]itigation against or brought by the manufacturer of infringing goods takes precedence

over a suit by the patent owner against customers of the manufacturer."  *Katz v. Lear Siegler,*

*Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990).  This is "to avoid, if possible, imposing the burdens

of trial on the customer, for it is the manufacturer who is generally the 'true defendant' in the

dispute," *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014), and to "avoid

conflicting decisions and promote judicial efficiency."  *In re Google Inc.*, 588 F. App'x 988, 990

(Fed. Cir. 2014) (citations and internal quotations omitted).

## ARGUMENT

### I. Misjoinder of OnePlus with Samsung is Improper

NST's misjoinder of OnePlus with Samsung is improper and OnePlus should be severed. 35 U.S.C. § 299(a)(1) expressly limits joinder of patent infringement defendants to cases where, *inter alia*, "any right to relief is asserted against the parties jointly, severally, or in the alternative." 35 U.S.C. § 299(a)(1). No such right to relief is sought here from OnePlus and Samsung. *See generally* Dkt. 1, *see also specifically* Dkt. 1 ¶¶ 21, 147. Accordingly, the cases against them should be severed.[3] Dkt. 1 at ¶¶ 20, 22. Nor has NST identified any "transaction, occurrence, or series of transactions or occurrences" common to Samsung and OnePlus—only between each of them, separately, and Qualcomm in purchasing Qualcomm Chips. No connection whatsoever is identified between OnePlus and Samsung's Exynos chipset.

### II. The Court Should Sever and Stay the Claims Against OnePlus

"In evaluating the customer-suit exception, courts consider three factors: (1) whether the customers in the first-filed action are mere resellers of products manufactured by the party in the second-filed action; (2) whether the customers in the first-filed action have agreed to be bound by any decision in the second-filed action, and; (3) whether the manufacturers in the second-filed action are the only source of the allegedly infringing activity or product." *Lighthouse Consulting Grp., LLC v. Truist Bank*, No. 2:19-CV-00340-JRG, 2020 WL 6781977, at *1 (E.D. Tex. Apr. 7, 2020) (citations and internal quotations omitted).

Courts have found that a customer merely incorporating a manufacturer's product into its own is a "mere reseller." *See, e.g.*, *Katz*, 909 F.2d at 1460-61, 1464. Claims against the

---

[3] If Samsung's Motion to Sever and Stay is granted, OnePlus does not object to pretrial consolidation of its claims with *only* the Accused-Chip-based claims against Samsung.

manufacturer "need only have the potential to resolve the 'major issues' concerning the claims against the customer—not every issue." *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1358 (Fed. Cir. 2011) (citations omitted). Courts should be "flexible," "staying proceedings if . . . substantial savings of litigation resources can be expected." *Google*, 588 F. App'x at 991. Where customers are sued with manufacturers, this Court has looked to "(1) whether the remaining claims are peripheral to the severed claims, and (2) whether adjudication of the severed claims would potentially dispose of the remaining claims." *St. Lawrence Commc'ns.*, 2017 WL 3712912, at *1 (citations omitted). Here, NST has sued OnePlus and Qualcomm simultaneously in separate actions. Regardless of which analysis is applied, the great weight of the case law supports the severance and stay of NST's claims against OnePlus.

## A. OnePlus Is a Peripheral Defendant or Reseller of the True Defendant Qualcomm

### i. NST Identifies Qualcomm Chips as the Product in Suit

Under the joinder provision of the Patent Act, multiple accused infringers may be joined in a single suit "only if" the plaintiff's allegations concern "the same accused product or process." 35 U.S.C. § 299(a)(1). In its unavailing joinder averments, Dkt. 1 ¶ 20, NST identifies the "product" common to OnePlus and Samsung, Qualcomm Chips, as the products at issue in this case—not any products or processes unique to OnePlus or Samsung.

### ii. NST Admits Qualcomm Chips Determine Infringement

Before any defendant's deadline to answer in any NST case, NST filed a Motion for Leave to Serve Third Party Subpoenas Prior to the Rule 26(f) Conference on Qualcomm and Arteris. Dkt. 19. NST represented that without Qualcomm's and Arteris's information about Qualcomm Chips, "Plaintiff's Infringement Contentions… may need to be later amended." Dkt. 19 at 6. This was because "Plaintiff is suing Defendants for infringing patents pertaining to"

Qualcomm's and Arteris's "system-on-a-chip ("SoC")" technology that is incorporated into [all customers'] infringing products." Dkt. 19 at 1, 3. NST pointed to its OnePlus claim charts, Dkt. 1, Exs. 38-43, as "showing OnePlus's infringing incorporation."[4] Dkt. 19 at 3. *But NST did not move for early discovery against OnePlus or argue that it needed any nonpublic information from OnePlus to finalize its claim charts.* NST's own statements make clear patent infringement issues in this case turn exclusively on Qualcomm Chips.

### iii. Claims Against OnePlus Devices Are Peripheral to Qualcomm Chips

NST's infringement contentions confirm OnePlus is equivalent to a "reseller" of Qualcomm Chips and the claims against OnePlus are peripheral. Though OnePlus incorporates the Qualcomm Chips into its own products, the asserted claims are directed to "integrated circuits" and methods "in" them, not phones or other devices. Accordingly, each element of the asserted claims purportedly corresponds to internal components of Qualcomm Chips—not to anything OnePlus makes, modifies, or develops. *See, e.g.*, Dkt. 1-38 through 1-43. Indeed, NST's specific element mapping against Qualcomm, QC Dkt. 1-07 through 1-12, is substantively identical to NST's charts against OnePlus.[5] *See* Dkt. 1-38 through 1-43. None of the charts map any claim element to any unique component developed by OnePlus. Only Qualcomm Chips are charted against OnePlus.

NST's claim charts against OnePlus—*even the images of OnePlus devices*—come *only* from Qualcomm, Arteris, and third parties—*not* OnePlus, because the *only* thing critical to

---

[4] In its parallel motion in the TI Case, NST asserted "there is no credible dispute that discovery from [Arteris] is relevant" there. TI Dkt. 17 at 4.
[5] NST even sued Ford and its chip supplier TI together, admitting Ford's "accused products infringe[] the same Asserted Patents by using" TI Chips. TI Dkt. 38 at 7.

NST's case about OnePlus devices is that they have Qualcomm Chips. *See* Dkt. 1-38 through 1-43.

Furthermore, OnePlus does not make any modifications or install any software relevant to a determination of infringement. Ex. 1 ¶ 5. NST does not allege OnePlus designs, manufactures, modifies, or adapts Qualcomm Chips for use in OnePlus devices, *see, e.g.*, Dkt. 1 at 147-148, 170, only that OnePlus devices "contain[]" the Qualcomm Chips. *See, e.g.*, *id.* 1 ¶¶ 21, 147. Indeed, in 331 pages of claim charts against OnePlus, there is not a single allegation particularized to OnePlus. Every allegation of infringement—for both method and apparatus/system claims—is directed to "Snapdragon SoC's included in the OnePlus product." *See* Dkt. 1-38 through 1-43.

NST's claims thus rely "exclusively on the underlying functionalities provided in the" Qualcomm Chips. *Google*, 588 F. App'x at 990 (staying claims where "nearly identical" claim charts "rel[ied] almost exclusively on the underlying functionalities in the" manufacturer's source code.). The exclusive focus of Plaintiff's allegations here are the Qualcomm Chips, "without which the alleged infringement by [OnePlus] would not be possible." *CyWee Grp. Ltd. v. Huawei Device Co.*, No. 2:17-CV-495-WCB, 2018 WL 4002776, at *6 (E.D. Tex. Aug. 22, 2018).

### iv. The Severed Claims Would Potentially Dispose of Any Remaining Claims

Resolving NST's claims against Qualcomm has an overwhelmingly high likelihood of resolving all claims against OnePlus. Resolving NST's claims against OnePlus has no chance of resolving anything against Qualcomm or Arteris—let alone against Samsung's Exynos chips. *See Topia Tech., Inc. v. Dropbox, Inc.*, Case No. 6:21-CV-01373-ADA, 2022 WL 18109619 at *5 (W.D. Tex. December 29, 2022). (holding that "the issues will be greatly simplified by first resolving the claims against [manufacturer]"). All of the Patents-in-Suit and five of the six claims charted in the Complaint are also asserted against Qualcomm Chips. QC Dkt. 1-7 through

1-12.  The only claim charted against OnePlus but not Qualcomm (Claim 1 of the '2,893 Patent) is an integrated circuit claim NST reads against the Qualcomm Chips.

If Qualcomm is successful in establishing that its products are noninfringing *or* that the asserted patents are invalid, then all of NST's claims against OnePlus (direct and indirect) will be moot—including Claim 1 of the '2,893 Patent, which reads on the Qualcomm Chips and should have been asserted in the Qualcomm case.  This possibility by itself is sufficient to warrant a stay since it "resolve[s]… 'major issues'," *Spread Spectrum*, 657 F.3d at 1358, and would result in "substantial savings of litigation resources." *Google.*, 588 F. App'x at 991.

Furthermore, even if NST obtains a judgment in its favor against Qualcomm, then it will have exhausted its rights as a patent holder and will be precluded from collecting duplicative damages with respect to the same Qualcomm Chips from OnePlus.  *See, e.g.*, *Glenayre Elecs., Inc. v. Jackson*, 443 F.3d 851, 864 (Fed. Cir. 2006) ("party is precluded from suing to collect damages for direct infringement by a buyer and user . . . when actual damages covering that very use have already been collected from the maker and seller").  Accordingly, any recovery NST may obtain from Qualcomm will exhaust its claims as to OnePlus, even with respect to method claims.  *Quanta Computer, Inc. v. LG Elecs., Inc.*, 553 U. S. 617, 629-631 (2008) ("method patents were exhausted by the sale of an item that embodied the method;" patentees cannot "extend their rights through each downstream purchaser").

Even if ancillary issues were to remain after resolution of NST's claims against Qualcomm, it would significantly simplify the issues involving OnePlus. *See Katz*, 909 F.2d at 1464.  *See also Westport Fuel Sys. Canada, Inc. v. Nissan N. Am., Inc.*, No. 2:21-CV-0455-JRG-RSP, 2023 WL 346807 (E.D. Tex. Jan. 20, 2023) (J Payne) at *3 (same).

Accordingly, there is no compelling reason for NST's duplicative and derivative claims against OnePlus to proceed, and this factor weighs heavily in favor of a stay.

### v. Qualcomm and Arteris Alone Have All Relevant Information

NST has already represented to this Court that good cause for commencing early discovery of Qualcomm and Arteris (but not OnePlus) exists *in this case* because "the technical details of the Third Parties' SoC technology is maintained as confidential by the Third Parties and, accordingly, *not available from the Defendants*…. [T]he Third Parties are *uniquely* in possession of technical documents and information that will enable Plaintiff to provide more detailed and comprehensive infringement contentions." Dkt. 19 at 6 (emphasis added).

NST's representation is accurate: Qualcomm, not OnePlus, develops and manufactures the Qualcomm Chips and controls all knowledgeable witnesses and relevant technical information about them. OnePlus has little or no knowledge of these details except what it can learn from Qualcomm. Information regarding the design of the Qualcomm Chips is proprietary and strictly confidential to Qualcomm; because Qualcomm does not share such technical details with its customers, they remain in Qualcomm's exclusive possession. Ex. 1 ¶¶ 3-7.

Thus, OnePlus has "no essential knowledge about the alleged infringement" *Richmond*, 2015 WL 11120883, at *1, and "will have very little to offer in the way of evidence regarding the substantive aspects of the infringement case." *Nintendo*, 544 F. App'x at 941. If this case goes to trial, OnePlus will likely have to rely on testimony from Qualcomm and Arteris employees subpoenaed to act as its percipient witnesses on technical issues, weighing in favor of a stay.

### vi. Any Judgment Against OnePlus Would Be Unjust and of Limited Value

"Underlying the customer suit doctrine is the preference that infringement determinations should be made in suits involving the true defendant, the party that controls the product's design,

rather than suits involving secondary parties such as customers of the manufacturer." *In re Papst Licensing GmbH & Co. KG Litig.*, 767 F. Supp. 2d 1, 10 (D.D.C. 2011)). Customers have "no involvement in and no essential knowledge about the alleged infringement." *Richmond v. Forever Gifts, Inc.*, Case No. 3:15-cv-0583, 2015 WL 11120883, at *1 (N.D. Tex. Mar. 18, 2015).

Because OnePlus, Samsung, Lenovo, and the other 19 customers of Qualcomm Chips identified in the Qualcomm "Device Finder"[6] relied upon in NST's claim charts have no role or control in the design or manufacture of Qualcomm Chips, the only action they can take in response to any adverse ruling is to stop buying Qualcomm Chips. It makes no sense for the Court in this case, the recently filed case against Lenovo, or possibly 19 other cases against companies whose only relevant decision is whether to purchase Qualcomm Chips, to perform a separate analysis of infringement and invalidity in respect to each of them *when the designer and manufacturer itself is already litigating these issues with NST*.

Because Qualcomm's customers cannot tell if the Accused Chips infringe, and cannot guess if future chips from Qualcomm infringe, they cannot exercise their purchasing power to avoid infringement—unless NST resolves its dispute with Qualcomm first.

### B. OnePlus Agrees to Be Bound by the Outcome against Qualcomm

Should the claims against OnePlus in this case be stayed pending final resolution of the Qualcomm Case, OnePlus agrees to be bound by any final judgment on NST's claims against Qualcomm as to infringement and validity in the Qualcomm Case. This factor therefore favors severing and staying the claims against OnePlus. *See Wapp Tech Ltd. P'ship v. Hewlett-Packard Enters.*, No. 4:18-CV-468-ALM, 2019 WL 3818761, at *4 (E.D. Tex. Aug. 14, 2019)

---

[6] www.qualcomm.com/products/mobile/snapdragon/smartphones/smartphone-device-finder.

("[A]greement to be bound by an infringement determination in a separate suit, that will leave little left for the court to adjudicate in the current suit, weighs heavily in favor of" a stay).

### C. Qualcomm Is the Sole Source of the Accused Chips

As shown in Section II(A) above (and admitted by NST) NST's infringement claims against OnePlus are directed solely at "products containing" Qualcomm Chips, Dkt. 1 ¶¶ 21, 147; Dkt. 1-38 through 1-43,[7] and Qualcomm is OnePlus's sole chipset supplier. Ex. 1 ¶ 4.

## III. The Traditional Stay Factors Also Favor Severing and Staying Claims Against OnePlus

Courts may also evaluate three traditional stay factors in considering customer suits: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and the trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Lighthouse Consulting Grp.*, 2020 WL 6781977, at *2 (citations omitted). All these factors weigh in favor of a stay.

### A. NST Will Not Be Harmed or Unduly Prejudiced by a Stay

Staying OnePlus will not prejudice NST. NST's claims against OnePlus are peripheral to those against Qualcomm and will be resolved by resolution of the claims against Qualcomm, given OnePlus's stipulation to be bound. *See* Sections (II) (A) & (B) *supra*.

If the case is stayed as to OnePlus, NST is free to maintain its litigation against Qualcomm in the forum NST selected. Any relief NST obtains against Qualcomm will exhaust its damages against OnePlus and other Qualcomm customers. *See* Section II(A)(iv) *supra*.

---

[7] Although NST refers to Exynos Chips in Dkt. 1 ¶¶ 161, 170, it points only to evidence of OnePlus devices containing Qualcomm Chips. *See* Dkt. 1 ¶ 176 fn 41, 42. Counsel for NST has conceded NST is not aware of any basis for claiming OnePlus uses Exynos Chips.

Accordingly, if NST prevails against Qualcomm, it will recover fully, finally, and with no delay. A stay for OnePlus will not change this. Plaintiff "will not be significantly prejudiced in a way that warrants denying the motion," as it will still be litigating its Qualcomm-based claims against Qualcomm in its chosen forum. *CyWee*, 2018 WL 4002776, at *3.

Finally, because the relevant information, knowledge, and experience are solely in the hands of Qualcomm, Arteris, and their employees, *see* Section II(A)(v) *supra*, "discovery directly from [Qualcomm] will . . . yield better evidence because [Qualcomm] . . . has greater access to evidence regarding the functionality" than "any of its customers." *Westport*, 2023 WL 318466, at *3. *See also Topia Tech.*, 2022 WL 18109619, at *5 (stay "does not significantly delay [Plaintiff] from litigating the question of infringement" and "the bulk of the relevant evidence comes from the supplier . . . not the customer").

### B. A Stay Will Simplify the Issues and Promote Judicial Economy

Courts have recognized that staying claims against customers achieves "efficiency and judicial economy." *Spread Spectrum*, 657 F.3d at 1357. That is certainly true here, for at least two reasons.

### i. The Most Important Discovery *in this Case*, Is of Qualcomm

NST has already admitted, and OnePlus has shown, , that Qualcomm's and Arteris's access to documents, information, witnesses, and expertise is "unique," incomparable to that of OnePlus. *See* Sections II(A)(ii), (v) *supra*. But NST went even further, insisting that Qualcomm and Arteris already "should be searching for, collecting, and reviewing the very sort of documents and information that Plaintiff seeks" in this case by subpoena. Dkt. 19 at 3-4, 7. Because the "discovery sought by the subpoenas *is a subset of the overall discovery* Plaintiff will seek in the" Qualcomm Case, *id.* at 6-7 (emphasis added), "targeted subpoenas *seeking a subset*

of the discovery sought in that *companion litigation* will not significantly burden the Third Parties." *Id.* at 4 (emphasis added); *accord* TI Dkt. 17 at 3.

By contrast, the burden to OnePlus, other customers, this Court, and the juries in this and possibly 20 other cases (if NST actually intends to pursue any separate relief from Qualcomm's customers) will be significant because they will have to separately collect, review, analyze, argue, and make decisions about this information which is already being collected, reviewed, analyzed, argued, and decided in the Qualcomm Case. "[T]he issue of judicial efficiency immediately becomes apparent . . . when the Court is faced with the choice of handling either . . . [21] patent suits or one [supplier] action." *Glob. Equity Mgmt. (SA) Pty. Ltd. v. Ericsson, Inc.*, No. 216CV00618RWSRSP, 2017 WL 365398, at *8 (E.D. Tex. Jan. 25, 2017) (*citing Google*).

As shown in Section II(A)(v) above, everything relevant to the infringement case is already within Qualcomm's and Arteris's hands—most of it exclusively so.

### ii. Customer Cases Will Likely Be Resolved by the Qualcomm Case

As shown in Section II(A)(iv) *supra*, resolution of NST's claims against Qualcomm will likely resolve all claims against OnePlus (and any number of other Qualcomm customers) but the reverse cannot be true because any case against a customer of Qualcomm can only be a subset of the Qualcomm Case. The burden on the Court's resources would be reduced by eliminating unnecessary hearings and a liability trial for OnePlus and other customers. *See Westport*, 2023 WL 318466, at *4 (issued simplified "even if further proceedings are required"); *Topia Tech.*, 2022 WL 18109619, at *5 (issues can be "greatly simplified by first resolving the claims against" Qualcomm). A stay "would obviate the need for non-party discovery from" Qualcomm. CyWee, 2018 WL 4002776, at *3–4. There will be no need for duplicative discovery by subpoena or seriatim resolution of unnecessary discovery disputes.

Accordingly, there is no compelling reason for NST's duplicative and derivative claims against OnePlus to proceed, and this factor weighs heavily in favor of a stay.

### C. This Case Is in Its Earliest Stage

OnePlus files this motion literally (i) on the date of its first appearance in this case, (ii) on the first day possible without waiving its FED. R. CIV. P. 12 defenses, (iii) before the initial Rule 26(f) conference, and (iv) the Court's initial Scheduling Conference. Discovery has not yet begun (only NST's efforts into discovery *of Qualcomm and Arteris*), and no trial date has been set. As such, this case is "clearly within its infancy." *Westport*, 2023 WL 318466, at *4.

## IV. NST's Overreaching Should Not Be Rewarded

OnePlus comes before this Court to simplify pending litigation without jeopardizing NST's ability to litigate against Qualcomm in its forum of choice. *Cf. Rembrandt Wireless Techs., LP v. Apple Inc.*, No. 2:19-CV-00025-JRG, 2019 WL 6344471 at *2 (E.D. Tex. Nov. 27, 2019).

By contrast, NST's actions and positions demonstrate what the customer suit exception was created to address. *See Google*, 588 F. App'x at 990 *quoting Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed.Cir.2012) ("The purpose of the rule is to 'avoid conflicting decisions and promote judicial efficiency.'"). The three cases NST has filed will unnecessarily complicate and multiply litigation in the absence of a stay. NST has sued Arteris, which designs functionality accused in all three cases, with one of Arteris's three chipset customers; but has separated Arteris from the other two. NST has sued Ford with its supplier TI—but has separated OnePlus from its supplier Qualcomm. And NST has joined OnePlus with Samsung—a party with which OnePlus shares nothing except that each of them is a customer of Qualcomm. Counsel for NST has

conceded that its purpose in suing OnePlus here, is to extract greater damages from Qualcomm and Arteris in the Qualcomm Case.

In support of this complex structure, NST is being forced to take evolving positions with different Courts (and even within cases) that could lead to inconsistent adjudications. For example, _first_, NST's arguments supporting joinder of OnePlus with Samsung, and TI with Ford, and seeking early subpoenas in both cases, are fundamentally in tension with its claim to be accusing separate products of individual customers OnePlus, Samsung, and Ford for purposes of opposing TI's stay motion, _see generally_ TI Dkt. 51, and presumably also this motion. _Second_ is NST's failure to timely identify related cases, _see_ Dkt. 1-44, QC Dkt. 1-13, TI Dkt. 1-31, belatedly accomplished eight weeks later. _See_ Dkt. 18, QC Dkt. 28, TI Dkt. 16. After the initial omission prevented the normal application of P.R. 2-6, putting each case in front of a different judge, the belated identification was made to support requests for cross-case discovery. And _third_, after selecting its own preferred venue against Qualcomm, it sued OnePlus for venue purposes in a faster court with the predictable effect of shifting or at least duplicating decision-making from its preferred venue against Qualcomm to this District in a customer suit.

Staying the case against OnePlus will stop the emergence of such inconsistencies, give effect to the purposes of the customer suit exception, and protect the courts, the juries, and Qualcomm's customers from unnecessary litigation.

## CONCLUSION

For the foregoing reasons, OnePlus respectfully requests the Court sever and stay NST's case against OnePlus pending final resolution of NST's case against Qualcomm.

Dated:  May 10, 2023                                          Respectfully submitted,

                                                              _/s/   Everett Upshaw_____

                                                              Everett Upshaw
                                                              State Bar No. # 24025690
                                                              UPSHAW PLLC
                                                              1001 Belleview Street, Unit 608
                                                              Dallas, Texas 75215
                                                              Phone: 214-680-6005
                                                              Fax: 972-920-8001
                                                              everettupshaw@upshawpllc.com

                                                              **Counsel for Defendant OnePlus
                                                              Technology (Shenzhen) Co., Ltd.**

## CERTIFICATE OF CONFERENCE

Counsel has complied with the meet and confer requirement in Local Rule CV-7(h) and

confirmed that this Motion to Sever and Stay is opposed by NST.  I am lead counsel for

Defendant OnePlus.  I spoke with Plaintiff NST's lead counsel, Daniel Stringfield, on several

occasions by telephone; most recently at 2:22 p.m. Pacific Time, May 5th, 2023, when counsel

confirmed discussions had conclusively ended in an impasse.  NST is unwilling to stay OnePlus

because NST believes this case against OnePlus will help NST get greater damages from

Qualcomm and Arteris.

                                                              _/s/ Everett Upshaw_____
                                                              Everett Upshaw

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(c).  As such, this motion was served on all counsel who have consented to electronic service on this May 10, 2023.

_/s/ Everett Upshaw_
Everett Upshaw