IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NETWORK SYSTEM TECHNOLOGIES, LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL CASE NO. 2:22-CV-00481-JRG |
| SAMSUNG ELECTRONICS CO., LTD, SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG AUSTIN SEMICONDUCTOR, LLC, SAMSUNG SEMICONDUCTOR, INC., LENOVO GROUP LTD., and ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD, | § § § § § § § § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Austin Semiconductor, LLC, and Samsung Semiconductor, Inc.'s (collectively "Samsung") Motion to Consolidate This Action With Case No. 2:22-cv-00482 (the "Motion"). (Dkt. No. 36.) Samsung requests that the above-captioned action be consolidated with Case No. 2:22-cv-00482-JRG for the purposes of pretrial only. (*Id.* at 1.) Having considered the briefing, and for the reasons explained below, the Court is of the opinion that the Motion should be and hereby is **DENIED**.

**I.    BACKGROUND**

There are four total actions filed by NST against various defendants alleging infringement of the same six asserted patents.[1] On December 19, 2022, NST filed the instant action in this Court ("NST I") against Samsung, Lenovo Group Ltd. ("Lenovo"), and OnePlus Technology (Shenzhen) Co., Ltd. ("OnePlus"). (Dkt. No. 1.) The same day, NST filed a second action in this Court, Case

---

[1] U.S. Patent Nos. 7,366,818, 7,373,449, 7,594,052, 7,769,893, 8,702,893, and 8,086,800.

No. 2:22-CV-00482 ("NST II"), against Texas Instruments Incorporated ("TI"), Ford Motor Company ("Ford"), Volkswagen AG ("Volkswagen"), and Audi AG ("Audi"). (NST II, Dkt. No. 1.) NST II was reassigned from this Court to Judge Schroeder.[2] (*See* NST II, Dkt. No. 3.)

A third NST case was filed in the Western District of Texas: *NST v. Qualcomm Inc. et al.*, No. 1:22-cv-1331 (W.D. Tex.) ("NST III"). Lastly, Lenovo was dismissed without prejudice from NST I on April 12, 2023. (Dkt. No. 34.) That same day, NST filed a separate lawsuit against Lenovo (Case No. 2:23-CV-167-JRG) ("NST IV"). (NST III, Dkt. No. 1.)

## II.   LEGAL STANDARD

Courts may consolidate two or more actions under FRCP 42(a) when the actions "involve a common question of law or fact." This rule is permissive and vests a purely discretionary power in the district court. *ContentGuard Holdings, Inc. v. Google, Inc.*, 2014 U.S. Dist. LEXIS 51676, at *16 (E.D. Tex. April 15, 2014) (internal citation omitted).

In deciding if consolidation is appropriate, courts may consider whether: (1) the actions are pending before the same court; (2) there are common parties; (3) there are common questions of law and/or fact; (4) there is risk of prejudice or confusion if the cases are consolidated and, if so, the risk is outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately; and (5) consolidation will conserve judicial resources and reduce the time and cost of trying the cases separately. *In re Rederij Suomigracht*, 2020 WL 12991125, at *1 (E.D. Tex. July 27, 2020).

## III.   ANALYSIS

Samsung argues that all five considerations support consolidation here. First, it notes that both NST I and NST II were filed in this Court and remain pending in this District. (Dkt. No. 36

---

[2] Volkswagen and Audi were dismissed without prejudice on April 5, 2023 from NST II.

at 3.) As to the second factor, there are common parties because NST is the sole plaintiff; Samsung contends that the absence of overlapping defendants poses no impediment to consolidation. (*Id.*, citing, *e.g.*, *AX Wireless, LLC v. Dell, Inc. et al.*, No. 2:22-cv-00277-JRG-RSP, Dkt. 24 (E.D. Tex. Oct. 21, 2022).) Samsung argues that there are clearly common questions of law and fact, which is sufficient standing alone to permit consolidation. (*Id.* at 4.) It asserts that both actions involve allegations that the same claims of the same six patents are infringed by the same type of accused products: systems-on-a-chip ("SoCs") that "include Arteris interconnect technology and/or a derivative thereof." (*Id.*, citing NST I, Dkt. No. 1, ¶¶ 1, 148–51, 163, 172; NST II, Dkt. No. 1, ¶¶ 1, 95–96, 107, 116.) Therefore, Samsung asserts that common claim construction disputes are probable, as well as the likelihood of significant overlap of invalidity contentions in both cases. (*Id.*)

As to the fourth factor, Samsung contends there is no risk of prejudice or confusion if the cases are consolidated. (*Id.*) It argues that given the timeliness of the motion, the early stage in the proceedings, and the fact that the cases were filed on the same day, consolidation would not delay proceedings. (*Id.*) Lastly, Samsung asserts that consolidation would undoubtedly conserve judicial resources—given the common issues, Samsung maintains that consolidation would help to avoid inconsistent rulings, and would assist in resolution of the issues of claim construction, infringement, and validity. (*Id.* at 4–5.)

In response, NST stresses the difference between the accused products in NST I and NST II. (*See* Dkt. No. 38 at 1–2.) In sum, it argues that NST I, III, and IV all involve infringement allegations involving Qualcomm's SoCs and the smartphones, tablets, and other portable electronics that incorporate them. (*Id.* at 2–3, 7.) In contrast, NST II involves TI SoCs that are unrelated to the Qualcomm SoCs and are incorporated into advanced driver assistance systems and

vehicle infotainment systems utilized in vehicles. (*Id.* at 1, 7, citing NST I, Dkt. No. 1, ¶ 144.) NST II does not involve chips made by Qualcomm or Samsung, and does not involve smartphones, tablets, and other computing devices as are at issue in NST I. (*Id.* at 3, 7.) NST argues that regardless of the likely overlap in pretrial issues between NST I and II, the resultant prejudice and lack of net benefit from consolidation due to the four NST cases merits denial of the Motion. (*Id.* at 7.)

NST argues that consolidation would prejudice both NST and TI (a non-party to NST I but a defendant in NST II). (*Id.*) NST contends that the two cases, although filed on the same day, are already on divergent paths.[3] (*Id.*) In NST I, the *Markman* hearing is set for April 9, 2024, and trial is set for October 28, 2024. (NST I, Dkt. No. 59 at 1, 3.) In NST II, the *Markman* hearing is set for November 8, 2023, and trial is set for October 21, 2024. (NST II, Dkt. No. 49 at 1, 5.) TI argues that dispositive motion practice, expert witness challenges, limine issues, and discovery issues are unlikely to overlap in these two cases.[4] (NST II, Dkt. No. 43 at 3–4.) It further contends that "consolidation injects uncertainty and additional cost trial preparations when consolidated defendants must be tried separately but the order and timing of those trials depends on the dispositive motion practice and settlement decisions of other defendants." (*Id.* at 4.)

NST represents that consolidation will not result in gains in efficiency, conservation of resources, or avoidance of inconsistent rulings due to the limited nature of consolidation requested by the Motion in the broader context of the four NST lawsuits. (*See* Dkt. No. 38 at 6.) NST points out that Samsung only requests consolidation of two of the four NST cases, and only for the

---

[3] The briefing on the Motion was complete before the Docket Control Order was issued, so the parties do not argue using the specific dates set out herein. NST argues that if the cases were consolidated and their schedules were conformed to the case with the later trial date, NST would be prejudiced by the delay. (Dkt. No. 38 at 5.) As the trial dates are set a week apart, that is not a concern here.
[4] NST references TI's arguments that it will be prejudiced to inform the Court's decision on the Motion, but represents that it "does not necessarily agree with TI's positions." (*Id.* at 6.)

4

purposes of pretrial. (*Id.*) The result would still be four separate trials and three different judges ruling on pretrial matters across the four NST lawsuits. (*Id.*) NST argues that, if denied, one case will necessarily reach overlapping pretrial issues first—it contends that the cases to reach these issues later "can take notice of the earlier case's resolution of overlapping issues."[5] (*Id.* at 6–7.)

Samsung replies that, essentially, NST is arguing that it has created too many inefficiencies for the Court to resolve by consolidation.[6] (Dkt. No. 39 at 1.) It notes that NST concedes that "NST I and II involve the same six patents and, therefore, likely involve overlapping issues of claim construction and validity." (*Id.*, citing Dkt. No. 38 at 7.) Samsung further contends that consolidation will conserve resources regarding discovery from NST, Arteris, and the named inventors. (*Id.* at 2.) It urges that NST's argument that unique issues will arise as to the different SoCs accused misses the point because complete uniformity of issues is not the standard for consolidation. (*Id.*) Samsung argues that NST concedes that at the very least, consolidation would reduce the number of *Markmans* to be held by this Court. (*Id.*)

As noted above, consolidation is an issue committed to the sound discretion of the Court. The Court is not persuaded that consolidation of NST I and II for pretrial purposes only would result in judicial efficiency and economy sufficient to warrant granting the Motion. As pointed out by NST, even if the Motion were granted, there would still be three separate *Markman* hearings, three different judges ruling on pretrial matters, and four separate trials. (*See* Dkt. 38 at 6.) Regardless of how we get to where we are, the result is the same: the proposed consolidation does not meaningfully reduce the risk of inconsistent adjudications or conserve judicial resources.

---

[5] Samsung argues that, to the extent NST proposes a preclusive effect, this alternative would prejudice Samsung in the extreme by depriving Samsung of an opportunity to defend itself. (Dkt. No. 39 at 5.)
[6] Samsung argues that NST cannot rely on its own failures to oppose consolidation. (*Id.* at 3.) Samsung nevertheless states it would not oppose consolidation of NST IV along with NST I and NST II for pretrial purposes only, should the Court determine efficiency would be served that way. (*Id.*) Due to the early procedural stage of NST IV, the Court notes that consolidation of NST I, II, and IV would prejudice NST by delaying adjudication of its rights.

Although NST has acknowledged that there would be common issues as between NST I and NST II, common issues do not mandate consolidation. Samsung has conceded that "NST's claims against the NST I and NST II defendants arise out of different transactions, involve different accused SoCs, and will likely involve different infringement allegations" such that the cases should not be consolidated for trial. (Dkt. No. 36 at 3.) The accused products across the two cases are different—due to different implementations of the Arteris-based interconnect technology, there will likely be party-specific discovery issues, dispositive motions, and expert analyses. (*See* NST II, Dkt. No. 43 at 4.) As pointed out by TI, it remains to be seen how different the "derivatives" of the accused SoCs that "include Arteris interconnect technology and/or a derivative thereof" are. (*Id.* at 3–4.) Further, no defendants overlap between the two cases. Lastly, consolidation would require judge reassignment from this division to another division within this district; Samsung suggests no procedural method for retention by this Court of NST I for trial only.

## IV.   CONCLUSION

To the extent that there are efficiencies to be gained related to claim construction or validity issues, the Court may coordinate NST I and NST II for those limited purposes without the need for full pretrial consolidation. In light of the foregoing, the Court finds that Samsung's Motion should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 13th day of July, 2023.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE