IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETWORK SYSTEM TECHNOLOGIES, LLC, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> SAMSUNG ELECTRONICS CO., LTD, § <br> SAMSUNG ELECTRONICS AMERICA, INC., § <br> SAMSUNG AUSTIN SEMICONDUCTOR, § <br> LLC, SAMSUNG SEMICONDUCTOR, INC., § <br> and ONEPLUS TECHNOLOGY (SHENZHEN) § <br> CO., LTD, § <br> § <br> *Defendants*. § | CIVIL CASE NO. 2:22-CV-00481-JRG |

### **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant OnePlus Technology (Shenzhen) Co., Ltd.'s ("OnePlus") Rule 12(b)(6) Motion to Dismiss Network System Technologies, LLC's ("NST") Direct Infringement Claims Against OnePlus (the "Motion"). (Dkt. No. 40.) In the Motion, OnePlus contends that NST's direct infringement claims fail as a matter of law because OnePlus does not have any presence in the United States. (*Id.* at 1.) It further opposes any discovery related to this Motion, but should the Court permit discovery, it requests that such discovery include NST's basis for filing its original complaint, opposing the Motion, or otherwise pursuing its direct infringement allegations against OnePlus. (*Id.* at 9–10.) Having considered the briefing, and for the reasons explained below, the Court is of the opinion that the Motion should be and hereby is **DENIED**.

I.  **BACKGROUND**

On December 19, 2022, NST filed the instant action in this Court against Samsung, Lenovo Group Ltd. ("Lenovo"),[1] and OnePlus Technology (Shenzhen) Co., Ltd. ("OnePlus"), claiming that the Defendants directly and indirectly infringed six patents.[2] (Dkt. No. 1.) On May 10, 2023, OnePlus filed this Motion to dismiss the direct infringement claims asserted against OnePlus on the basis that it cannot infringe as a matter of law because it has no U.S. presence. (Dkt. No. 40 at 1.) The Motion is opposed by NST, who contends that its direct infringement claims are adequately alleged and not properly dismissed at this early stage. (*See* Dkt. No. 49.)

II. **LEGAL STANDARD**

Under the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Court can dismiss a complaint that fails to meet this standard. Fed. R. Civ. P. 12(b)(6). To survive dismissal at the pleading stage, a complaint must state enough facts such that the claim to relief is plausible on its face. *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads enough facts to allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court accepts well-pleaded facts as true and views all facts in the light most favorable to the plaintiff, but is not required to accept the plaintiff's legal conclusions as true. *Id.* "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Twombly*, 550 U.S. at 555.

---

[1] Lenovo was dismissed without prejudice on April 12, 2023 (Dkt. No. 34), and that same day, NST filed a separate lawsuit against Lenovo in this Court (Case No. 2:23-CV-167-JRG).
[2] U.S. Patent Nos. 7,366,818, 7,373,449, 7,594,052, 7,769,893, 8,702,893, and 8,086,800 (collectively, the "Asserted Patents").

2

In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "The court may consider 'the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.'" *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935 (E.D. Tex. 2016) (quoting *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

Further, "i[]t is the general rule under United States patent law that no infringement occurs when a patented product is made and sold in another country." *Microsoft Corp. v. AT & T Corp.*, 550 U.S. 437, 441 (2007). "The right conferred by a patent under our law is confined to the United States and its territories, and infringement of this right cannot be predicated of acts wholly done in a foreign country." *Dowagiac Mfg. Co. v. Minnesota Moline Plow Co.*, 235 U.S. 641, 650 (1915).

### III. ANALYSIS

#### A. Parties' Arguments

OnePlus argues that it cannot directly infringe the asserted patents as a matter of law because it has no presence in the United States. (Dkt. No. 40 at 1.) Along with its Motion, OnePlus filed a declaration that it "does not make, use, sell, offer to sell, or import any accused product in the United States." (Dkt. No. 40-1, ¶ 2.) OnePlus notes that the only factual allegations made against OnePlus specifically in the Complaint are that OnePlus is a Chinese company having a principal place of business in China. (Dkt. No. 40 at 4, citing Dkt. No. 1, ¶ 9.) OnePlus points out that it has an American affiliate, OnePlus USA Corp. ("OPU"), which is incorporated, registered, and doing business in the United States, but that NST elected not to sue it even though NST knows

3

of OPU. (*Id.* at 1–2.) Separately, OnePlus requests that the Court take judicial notice of the following "facts" it contends are "generally known":[3]

> (1) [T]he fact a company is established and based in China does not yield a reasonable inference that the company does business in the United States, and (2) the existence of an American affiliate (such as OPU) does not yield or support a reasonable inference that a foreign affiliate does business in the United States….

(*Id.* at 3.) Indeed, OnePlus urges that these facts distinguish this Motion and suggest that NST's allegations are not a result of a mistake, but "of very careful and deliberate drafting." (*Id.* at 3–4.)

OnePlus first argues that NST essentially admits that OnePlus cannot be found in the U.S., and that its complaint pleads no contrary specific facts. (*See id.* at 4–5.) Specifically, it notes that NST expressly conceded in its Motion for Alternate Service on Lenovo (which the Court denied) that it could not have effected service on OnePlus in the United States and would have had to serve it in China without OnePlus's waiver of service, "thus, admitting they could not find OnePlus present in this country." (*Id.* at 4, citing Dkt. No. 17 at 2; Dkt. No. 40-3.) OnePlus further asserts that 58 paragraphs in the complaint "contain averments that can be construed as averments regarding alleged actions taken by OnePlus."[4] (*Id.* at 5.) It notes that 50 of those relevant paragraphs contain averments premised "on information and belief," and that NST's reliance on the phrase reflects the vagueness of the averments which make the claims insufficient to survive a 12(b)(6) motion. (*Id.* at 5, citing *Ashcroft*, 556 U.S. at 678.)

Next, OnePlus complains that eight of the 58 paragraphs do not specifically reference OnePlus, highlighting the generality of the allegations in the complaint. (*See id.*, citing Dkt. No. 1, ¶¶ 10, 12, 14–16, 20, 147, 148.) It further notes the identical wording of many of the averments

---

[3] Fed. R. Civ. P. 201(b) and (c) provide that the Court may take judicial notice of a fact that is generally known within the trial court's territorial jurisdiction, and that it must do so if a party requests judicial notice and the Court is supplied with the necessary information.
[4] Citing Dkt. No. 1, ¶¶ 10, 12, 14-16, 18, 20-22, 147-148, 173-178, 197-203, 222-228, 247-253, 272-278, 302-308, 327-333.

4

against OnePlus to the averments against the other defendants. (*Id.* at 6.) OnePlus concludes that no averments in the complaint plausibly suggest that OnePlus makes, uses, sells, offers to sell, or imports accused products in the United States given NST's conduct showing its awareness that it could not find any U.S. presence for OnePlus. (*Id.*)

In the same vein, OnePlus urges that NST's direct infringement claims are conclusory, noting that such claims are asserted in six identical paragraphs in the complaint, all of which were made on information and belief. (*Id.* at 8, citing Dkt. No. 1, ¶¶ 197, 222, 247, 272, 302, and 327.) Only a single sentence is directed to the geographic restriction for direct infringement, taken straight from Section 271(a): "[o]n information and belief, OnePlus has made, used, offered for sale, sold, and/or imported products, including within this Judicial District." (*Id.*, citing Dkt. No. 1, ¶¶ 197, 222, 247, 272, 302, and 327.) OnePlus points out that nowhere in the complaint does NST identify any OnePlus business locations within the Eastern District of Texas or OnePlus transactions of any kind within this District. (*Id.* at 8–9.) OnePlus asserts that this is a legal conclusion that the Court is not bound to accept as true,[5] and that a "'formulaic recitation of a cause of action's elements will not do.'" (*Id.* at 9, quoting *Bell Atl. Corp.*, 550 U.S. at 555.)

Lastly, OnePlus points to NST's indirect infringement allegations, made on information and belief, where NST refers to activity directed at the U.S. through web pages and manuals. (*Id.* at 7, citing Dkt. No. 1, ¶¶ 176, 199-200, 224-225, 249-250, 274-275, 304- 305, 329-330.) NST explains in paragraph 176 (the first indirect infringement paragraph) that it does not know who publishes and distributes such materials, and points to "OnePlus, or one or more related entities" which make these materials available on the website of OnePlus, or an entity under [its] control."

---

[5] OnePlus also argues that the majority of NST's venue, jurisdiction, and joinder averments are legal conclusions expressed in statutory or caselaw language that do not satisfy *Iqbal* or *Twombly*. (Dkt. No. 40 at 7, citing Dkt. No. 1, ¶¶ 10, 12, 14-16, 20-21.)

(*Id.* at 7–8, citing Dkt. No. 1, ¶ 176.) All of the indirect infringement allegations in the complaint are premised on information and promotional materials described in that first paragraph. (*Id.*, citing Dkt. No. 1, ¶¶ 199-200, 224-225, 249-250, 274-275, 304-305, 329-330.) OnePlus concludes that even NST's indirect infringement allegations do not assert that the underlying activities are performed by OnePlus itself. (*Id.* at 8.)

With regard to OnePlus's request for the Court to take judicial notice of two facts, NST urges that these are actually inferences that OnePlus asks the Court to draw, and that OnePlus provides no examples of other courts taking judicial notice of similar "facts." (*Id.* at 6.) It argues that the inferences are not amenable to judicial notice because they are subject to reasonable dispute, not generally known, and cannot be accurately and readily determined from sources whose accuracy reasonably cannot be questioned. (*Id.*, citing Fed. R. Evid. 201(b).)

Turning to the alleged insufficiency of the direct infringement allegations, NST argues that OnePlus's sweeping proposition that it cannot directly infringe because it has no U.S. presence is not supported by the law. (Dkt. No. 49 at 1 ("OnePlus does not cite a single decision supporting such a sweeping rule.").) It urges that OnePlus's "extensive demonstration that it is a Chinese company…is irrelevant; particularly since NST does not dispute that fact." (*Id.*, citing Dkt. No. 1, ¶ 9.) NST further notes that OnePlus's Motion insinuates that OPU is responsible for the making, using, selling, offering to sell, and/or importing of the OnePlus Accused Products. (*Id.* at 1–2, citing Dkt. No. 40 at 1–2.) Even if this was true (which NST disputes), NST argues it would not absolve OnePlus of liability because OnePlus would still be liable if OPU's direct infringement was done at OnePlus's direction or control, which NST asserts. (*Id.* at 2, citing Dkt. No. 1, ¶ 176.)

Additionally, NST disputes OnePlus's argument that NST has "concede[d]" that there is no basis for its direct infringement claims against OnePlus. (*Id.* at 10, citing Dkt. No. 40 at 4.) It

6

asserts that it sufficiently pled direct infringement, and the fact that it asked OnePlus, a Chinese company, whether it would waive service is not a concession bearing on NST's direct infringement allegations. (Dkt. No. 49 at 10.)

NST argues that the Court should not accept OnePlus's declaration denying the merits of this litigation at the pleading stage, where NST's allegations—including that OnePlus commits the very acts it denies in the declaration—must be taken as true. (*Id.* at 1.) It criticizes OnePlus's declaration as conclusory and unsupported, arguing that it impermissibly asserts factual denials contradicting NST's well-pled claims. (*Id.* at 7.) NST further notes that this Court has rejected defendants' demands that the Court "accept [their] factual denials over the pled allegations in the Complaint" and found that factual disputes could not be resolved at the 12(b)(6) stage. (*Id.*, quoting *Orange Elec. Co. v. Autel Intelligent Tech. Corp.*, 2022 WL 4368160, at *5–6 (E.D. Tex. Sept. 21, 2022) (internal quotations omitted).) NST further asserts that the declaration is contradictory because OnePlus admits the "OnePlus device[s are] sold in the US." (*Id.* at 9, citing Dkt. No. 40-1, ¶ 4.)

NST's Opposition also points to what was left out of the Motion. (*Id.* at 2.) OnePlus does not challenge personal jurisdiction or the sufficiency of NST's indirect infringement claims, nor does it challenge the sufficiency of NST's direct infringement allegations as related to the notice requirement of Rule 8. (*Id.*) NST argues that OnePlus inappropriately denies the merits of NST's allegations based on disputed facts, and simply quibbles with form of the allegations for relying on "information and belief" and making group allegations against Samsung and OnePlus. (*Id.*) NST also notes that this Court and others have deemed such conduct permissible. (*Id.*)

7

### B. Direct Infringement Claims Are Adequately Pled

First, the Court finds that the "facts" OnePlus requests that the Court take judicial notice of as general knowledge are not facts at all. Rather, OnePlus asks that the Court take judicial notice of inferences. This would be improper. Further, even if OnePlus's inferences were indeed facts, the Court does not find that they are "generally known" facts under Fed. R. Civ. P. 201. Therefore, OnePlus's request that the Court take judicial notice of such inferences is denied.

Turning to the arguments regarding the sufficiency of pleading, the Court agrees with NST that dismissal of its direct infringement claims at this early stage is inappropriate. The factual allegations in the complaint regarding direct infringement put OnePlus on fair notice that NST contends OnePlus directly infringed the Asserted Patents. For example, the complaint contains the following:

> On information and belief, OnePlus has made, used, offered for sale, sold, and/or imported products, including within this Judicial District, including at least the OnePlus Accused Products, that infringe, either literally or under the doctrine of equivalents, one or more claims of the '800 patent in violation of 35 U.S.C. § 271(a), including claim 10.

(Dkt. No. 1, ¶ 327.) NST alleges the same regarding each Asserted Patent. (*See* Dkt. No. 1, ¶¶ 197, 222, 247, 272, 302, 327.) The Complaint further alleges that the Defendants (including OnePlus) "place[s] products alleged to be infringing in this Complaint in the stream of commerce, directly or through intermediaries, with awareness that those products are likely destined for use, offer for sale, sale, and/or importation in the State of Texas and this Judicial District." (*Id.*, ¶ 14.)

NST was entitled to make such allegations on "information and belief" at this early stage. *See Optimum Imaging Techs. LLC v. Canon Inc.,* No. 2:19-CV-00246-JRG, at *2 (E.D. Tex. May 1, 2020).[6] Additionally, the Court is not persuaded that NST failed to provide notice due to group

---

[6] In the *Optimum Imaging* case, this Court noted: "That [Plaintiff's] Complaint pleads several claim elements infringe 'on information and belief' does not automatically make the pleadings insufficient.…[Plaintiff] is expected to flesh out its understanding of the Accused Products during the duration of this case but, at the pleading stage, it is sufficient

8

allegations against Samsung and OnePlus as "Defendants." The pleading standard set out by *Iqbal* and *Twombly* does not require identification of actions "on a defendant-by-defendant basis." *Canon, Inc. v. TCL Elecs. Holdings Ltd.*, No. 2:18-cv-00546-JRG, at *5 (E.D. Tex. Mar. 25, 2020) (internal citations omitted). Further, while OnePlus urges that NST has essentially admitted that OnePlus has no United States presence based upon statements in NST's Motion for Alternative Service on Lenovo, the Court is unconvinced that such statements bear on the sufficiency of NST's direct infringement allegations.

OnePlus's declaration, which states, in essence, that it does not directly infringe, does not demonstrate that this case should be dismissed at the pleading stage. The Court rejects OnePlus's argument that it should accept OnePlus's factual denials over the pleaded allegations in the complaint—factual disputes regarding the complaint cannot be resolved at this stage of the proceedings. *See Orange Elec. Co. v. Autel Intelligent Tech. Corp.*, No. 2:21-cv-00240-JRG, at *5–6 (E.D. Tex. Sept. 21, 2022); *Semcon IP Inc. v. Kyocera Corp.*, No. 2:18-CV-00197-JRG, at *3 (E.D. Tex. May 3, 2019). OnePlus argues this case can be distinguished from *Orange* and *Semcon IP*, in which "there was at least some specific factual content." (Dkt. No. 52 at 3–4, citing *Orange*, No. 2:21-cv-00240, at *3, 5; *Semcon IP*, No. 2:18-CV-00197-JRG, at *3.) Here the Court finds that NST has provided at least some specific factual content.

NST points to a website identified in its complaint (which is included as support for its indirect infringement allegations, but is pointed to in NST's Opposition as evidence of direct infringement). (*See* Dkt. No. 49 at 7–8, citing Dkt. No. 1, ¶¶ 14, 176; *see also* Dkt. No. 52 at 1–2.) The complaint provides a link to OnePlus's website where it offers for sale and sells the Accused Products, which NST asserts supports both its direct and indirect infringement allegations. (*See*

---

that [Plaintiff] pled enough facts to raise a reasonable expectation that discovery will reveal evidence in support of the alleged patent infringement."

Dkt. No. 49 at 7–8; Dkt. No. 1, ¶ 176, n.41.) In NST's view, this website confirms that OnePlus offers for sale and imports products into the United States, and defines "OnePlus" interchangeably as either Defendant OnePlus Technology (Shenzhen) Co., Ltd. or as its affiliate OnePlus USA Corp.[7] (*See* https://www.oneplus.com/us/support/shopping-faqs ("Simply shop oneplus.com with the payment method of your choice, and we'll ship the order to any address within the 50 United States and Puerto Rice."); *see also* Dkt. No. 49 at 8.) OnePlus's protest that use of the website, including sales, is with OPU is a factual dispute not properly addressed at this stage. (*See* Dkt. No. 52 at 2.) The Court finds that NST has pled, at least some, factual content supporting its direct infringement allegations, and that the Complaint adequately provides requisite fair notice function.

## IV.  CONCLUSION

For the foregoing reasons, OnePlus's Motion to Dismiss is **DENIED**.[8]

**So ORDERED and SIGNED this 12th day of October, 2023.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[7] The website in the Complaint defines OnePlus as Defendant OnePlus (*see* https://www.oneplus.com/us/legal/privacy-policy; https://www.oneplus.com/us/legal/use-of-cookies) or as its "affiliate" OnePlus USA Corp. (*see* https://www.oneplus.com/us/legal/user-agreement).

[8] Since the Court denies the Motion, it need not consider the parties' arguments regarding limited discovery at the pleading stage.